UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

VERONICA VILLARREAL,

   Plaintiff,

v.

HUNTER WARFIELD INC.,

   Defendant.

Case No. 4:19-cv-04113

## COMPLAINT

NOW COMES Plaintiff, VERONICA VILLARREAL, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, HUNTER WARFIELD INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*; and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. VERONICA VILLARREAL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Houston, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. HUNTER WARFIELD INC. ("Defendant") is a corporation organized under the laws of Maryland.

10. Defendant has its principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7879.

16. At all times relevant, Plaintiff's number ending in 7879 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

18. In August 2019, Plaintiff started to receive phone calls from Defendant.

19. On several occasions, Plaintiff answered.

20. Often times, Plaintiff was met by an automated message prompting Plaintiff to "[p]ress 1 … if this is Veronica Villarreal."

21. Each time Plaintiff pressed "1," clear pause followed.

22. Eventually, Plaintiff was prior to being connected to Defendant's representative.

23. Defendant informed Plaintiff that they were seeking to collect Plaintiff's unpaid $5,121.66 balance owed Village Green when Plaintiff moved out of an apartment.

24. Plaintiff's alleged $5,121.66 balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance, or services which is the subject of the transaction are primarily for personal, family, or household purposes.

25. Plaintiff asked Defendant to provide evidence; Defendant refused.

26. Frustrated with Defendant's refusal to offer proof, Plaintiff told Defendant to stop calling.

27. Unfortunately, these phone calls continue as Plaintiff receives phone calls to Plaintiff's number ending in 7879 as well as at work

28. All in all, Defendant placed (or caused to be placed) no less than 36 *unconsented-to/unwanted* collection calls to Plaintiff.

29. To date, no written communication(s) have been received by Plaintiff in regard to this debt.

30. Defendant's failure to advise Plaintiff – in writing – deprived Plaintiff notice of Plaintiff's rights under the law.

31. Defendant's unconsented-to phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular

telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

32. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection efforts ceased.

33. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection efforts.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

35. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

36. Defendant violated 15 U.S.C. § 1692d(5) by continuously or repeatedly calling Plaintiff despite Plaintiff's requests that Defendant stop calling.

37. Defendant's behavior of continuously or repeatedly calling Plaintiff was abusive, harassing, and oppressive.

## Violation(s) of 15 U.S.C. § 1692g(a)

38. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    the name of the creditor to whom the debt is owed;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

39. The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

40. The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

41. Defendant violated 15 U.S.C. § 1692g(a) by failing to include the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

42. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5) and g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692d(5) and g(a);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. Defendant placed or caused to be placed no less than 36 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

45. Upon information and belief, based on the pre-recorded message and the clear pause Plaintiff experienced prior to being connected to a live representative, Defendant employed an ATDS to place calls to Plaintiff.

46. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once human interaction is detected by pressing "1," hence the clear pause prior to being connected.

47. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

48. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

49. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

50. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D.  an award of such other relief as this Court deems just and proper.

## COUNT III:
### Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)

51. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann. § 392.302

52. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

53. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by calling Plaintiff on no less than 36 occasions despite Plaintiff's request that Defendant stop calling.

54. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.  a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.  an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 21, 2019

Respectfully submitted,

**VERONICA VILLARREAL**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com